## City of Scranton v. Fass.

*C. B. Little*, City Solicitor, for plaintiff; *J. G. Sanderson*, for defendant.

NEWCOMB, P. J., Nov. 21, 1927.—Two complaints against defendants went to judgment of conviction at the hands of the city magistrate. Both were for alleged violation of the city's zoning ordinance of Aug. 25, 1924. Defendant appealed.

For some reason, not apparent, the clerk caused both appeals to be filed to the same number. To avoid confusion, therefore, the fact is noted that the one is concerned only with defendant's omission to take out a permit from the proper bureau when she made certain repairs to her premises hereinafter mentioned; and the other has to do with an alleged non-conforming use to which she devoted her dwelling-house at No. 436 Jefferson Avenue, this city. That is the question to be now disposed of. It is believed to be merely one of fact and free from difficulty.

The premises are within one of the "A" zones, as defined by the ordinance, from which commercial uses are excluded. Admittedly, if defendant turned it to such use, it would offend the terms of the ordinance.

It is contended, first, that the use complained of is not commercial within the meaning of the ordinance; and, second, that the house had already acquired the status of a business place of like character before the date of the ordinance, and was, therefore, excepted from its operation.

Perhaps the two propositions are not quite consistent with each other; but, whether so or not, neither one is well founded in fact.

This block has long been one of the distinctly residential sections of the city. The premises in question had for many years been the home of the late M. H. Dale. Later, it was that of Mathias Stipp, who sold to Mrs. Fass in the summer of 1926. Just when the possession changed hands does not appear. But in the winter of 1927 she was making certain repairs and minor changes in the interior arrangement. She had for years been carrying on a trade in ladies' gowns, coats, etc., and had gathered a considerable patronage. In the late winter, the repairs being complete, she was ready to open the Jefferson Avenue place. She made announcement accordingly by advertising cards as follows: "Mme. C. Fass extends a cordial invitation to you and your friends to visit the opening of her Fashion Shoppe at her new home, 436 Jefferson avenue, beginning March 5th, where a collection of the newest and smartest modes for spring will be shown."

Other seasonal advertisements by card appeared from time to time; for example, "Mme. C. Fass, Gowns, Coats, Sportwear, 436 Jefferson avenue."

A local newspaper of wide circulation carried the following: "Charmeen Coats half price. Beautiful summer gowns. Mme. C. Fass, 436 Jefferson avenue."

Later, the following: "Clearing out entire summer stock of coats and dresses. Exceptionally low prices. Mme. C. Fass, 436 Jefferson avenue."

126

Still later: "Mme. C. Fass offers 15% reduction upon all fall afternoon and evening gowns for the entire week beginning October 17, at 436 Jefferson avenue."

This is the parlance of the market place. It leaves no room for dispute as to the commercial character put upon her premises by appellant. That the business is carried on in a part of her dwelling-house is a fact of no importance. It is by no means exceptional that a merchant lives with his family under the same roof with his business.

It may be appellant's judgment had been revised since she bought. At that time she entertained no doubt about the risk she would take by establishing her business in that house. By her agents she was at pains to express her misgivings to her vendor. By that means she availed herself of his counsel of self-interest. .But such opinion as he is said to have expressed was in well-guarded terms. However, it gives rise to the alternative ground of defense, to wit, that this house had become a business place before the date of the ordinance by reason of vendor's real estate transactions having been carried on there.

Of this, it is enough to say that it imposed upon appellant the burden of affirmative proof, and she fails to support it by any competent evidence.

It is accordingly adjudged that appellant had incurred the penalty provided by the ordinance underlying the complaint for devoting her premises in question to a non-conforming use; and that for such offense she shall pay a fine of $10 and costs, in default of which she shall undergo imprisonment in the county jail for the period of ten days.

From William A. Wilcox, Scranton, Pa.